*324 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a petition for consent discipline filed by respondent, Cardell A. Thomas,[1] following the institution of thirteen counts of formal charges by the Office of Disciplinary Counsel (“ODC”). The ODC concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS
In Count I of the formal charges, the ODC alleges that respondent represented Judith McMahan in a personal injury suit. On September 4, 1993, respondent disbursed settlement funds in the McMahan matter. At that time, Ms. McMahan requested documentation related to the disbursements for bills paid. Respondent promised that he would provide this information, but did not do so. Ms. McMahan later complained to the ODC concerning respondent’s representation, including his failure to provide the requested documentation. Respondent was notified of the complaint and still failed to provide the documentation. He also failed to provide the ODC with the documentation even after it was specifically requested in writing.
Qln Count II of the formal charges, the ODC alleges that respondent was personally served with a subpoena to appear before the ODC to testify and to produce his file and financial records in the McMa-han matter. Respondent appeared on the specified date, but he did not produce his file and financial records. Respondent promised to produce these items, but did not do so.
In Count III of the formal charges, the ODC alleges that respondent represented Abraham Hamilton and his two sons in a personal injury case. Mr. Hamilton signed a lien authorizing respondent to deduct the fees of Dr. B.D. Newsom from any settlement of the matter. On September 7, 1994, respondent sent Dr. Newsom a letter agreeing to protect Dr. Newsom’s interest in his fees. On December 5, 1994, Dr. Newsom sent respondent notice of a health care provider’s privilege in accordance with La. R.S. 9:4751 et seq. On January 20, 1995, respondent disbursed settlement funds in the Hamilton matter. Respondent sent Dr. Newsom a check in the amount of $360 ($120 for each of three narrative reports prepared by Dr. New- *325 som), but he did not pay the remainder of Dr. Newsom’s fees, which totaled at least $1,903.40.
In Count IV of the formal charges, the ODC alleges that respondent represented Sauntrice O’Quin, Paula Coste, and Chan-tel Vicks in a personal injury suit. On December 14, 1995, respondent disbursed settlement funds in the O’Quin matter. Ms. O’Quin questioned the settlement statement and requested a more detailed accounting. Respondent failed to provide this information, and the ODC alleges the settlement statement contained inaccurate information concerning costs and fees.
In Count V of the formal charges, the ODC alleges that respondent represented Delores Davis in a personal injury suit. Of a $10,000 settlement, Ms. Davis received only $1,877. Ms. Davis complained to the ODC concerning respondent’s representation, but respondent did not respond to the complaint. Respondent was personally served with a subpoena to appear before the ODC to testify and to produce phis file and financial records in the Davis matter. Respondent appeared on the specified date, but he did not produce his file and financial records. Respondent promised to produce these items, but did not do so.
In Count VI of the formal charges, the ODC alleges that respondent led Delores Davis to believe that he would represent her in a second personal injury suit. However, he failed to file suit timely or to notify Ms. Davis that he would not be handling her case. Respondent failed to cooperate in the ODC’s investigation, and promised to furnish materials which he did not provide.
In Count VII of the formal charges, the ODC alleges that respondent filed a personal injury suit on behalf of Ora Mae Marioneaux in 1993. Ms. Marioneaux complained to the ODC in June 1996 concerning respondent’s representation. The ODC initially closed the complaint, but it reopened the matter in June T997 and notified respondent of that fact. The ODC alleges that in the Marioneaux matter, respondent failed to communicate with his client, failed to act with diligence and promptness, and misled his client concerning the status of her case. Respondent also failed to cooperate in the ODC’s investigation.
In Count VIII of the formal charges, the ODC alleges that respondent represented Gwendolyn Lloyd in a personal injury suit. On March 10, 1993, respondent disbursed settlement funds in the Lloyd matter. The settlement statement listed a $100,000 settlement, $47,994.73 in expenses, and respondent’s $40,000 fee. In July 1996, Ms. Lloyd complained to the ODC concerning unpaid medical bills. Respondent was notified of the complaint and still failed to provide Ms. Lloyd with full financial documentation. He also failed to provide the ODC with the documentation even after it was specifically requested in writing.
In Count IX of the formal charges, the ODC alleges that respondent was personally served with a subpoena to appear before the ODC to testify and to produce |4his file and financial records in the Lloyd matter. Respondent appeared on the specified date, but he did not produce his file and financial records. Respondent promised to produce these items, but did not do so.
In Count X of the formal charges, the ODC alleges that respondent represented Shirley Becnel in a domestic case on a flat fee basis. Respondent received a total of $4,000 in advance fees before he was discharged on August 16, 1996. " On August 21,1996, Ms. Becnel requested an itemized accounting and a refund of the unearned portion of the advance fee. Respondent failed to provide the requested documentation or to refund the unearned fee. Ms. Becnel later complained to the ODC concerning respondent’s representation, but respondent failed to respond to the complaint. Respondent subsequently provided the ODC with an inflated and erroneous accounting which contained false or pad *326 ded entries and which misstated the basis of the representation.
In Count XI of the formal charges, the ODC alleges that respondent was personally served with a subpoena to appear before the ODC to testify and to produce his file and financial records in the Becnel matter. Respondent appeared on the specified date, but he did not produce his file and financial records. Respondent promised to produce these items, but later produced only his file.
In Count XII of the formal charges, the ODC alleges that respondent represented Juanita Lang, a photographer, who also provided respondent with photographic services related to his law practice. Ms. Lang billed respondent $5,841 for her services, but respondent failed to pay Ms. Lang.
In Count XIII of the formal charges, the ODC alleges that respondent was personally served with a subpoena to appear before the ODC to testify in the Lang matter. Respondent appeared on the specified date and promised to provide a written response, but did not do so.
|,.DISCIPLINARY PROCEEDINGS

Formal Charges

On March 16, 1998, the ODC filed thirteen counts of formal charges against respondent, alleging that his conduct violated numerous provisions of the Rules of Professional Conduct and Supreme Court Rule XIX.[2] Respondent answered the formal charges, generally denying any willful misconduct and presenting as mitigating factors his marital problems, his extraordinarily heavy case load, and the stress of managing two law offices. Respondent subsequently filed a petition for consent discipline, seeking a two-year suspension. The ODC concurred in the petition, and the disciplinary board recommend the proposed discipline be accepted. On September 15, 1999, this court rejected the petition for consent discipline and remanded the matter to the ODC for further investigation and, if warranted, the filing of additional formal charges. In re: Thomas, 99-2385 (La.9/15/99), 748 So.2d 399.
Following remand, respondent and the ODC filed a joint motion for consent disbarment. Respondent generally admitted the factual allegations of the formal charges, as well as the factual allegations of some twenty open files being 1 ^investigated by the ODC.[3] In addition to seeking the imposition of disbarment, the parties proposed respondent make restitution to his victims.

Disciplinary Board Recommendation

The disciplinary board found that respondent is guilty of the misconduct set *327 forth in the formal charges, and that the charges have been proven by clear and convincing evidence. The board also found that respondent breached duties owed to his clients, the profession, and the public, and has engaged in knowing and intentional misconduct. The amount of actual and potential injury involved is great, as many of respondent’s clients have not been provided with accountings and have not been represented diligently, and many third-party providers have not been properly paid. The board found numerous aggravating factors, including prior disciplinary offenses (two public reprimands in 1990), pattern of misconduct, multiple offenses, obstruction of the disciplinary process, vulnerability of the victims, and substantial experience in the practice of law (admitted 1983). The board noted four mitigating factors, including an agreement to make restitution, personal and emotional problems, character and reputation, and remorse.
In light of the facts and circumstances of the instant ease, the board found the proposed sanction is appropriate. Accordingly, the board recommended the court accept the joint petition for consent discipline and disbar respondent from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
^DISCUSSION
Respondent has admitted the misconduct charged in the formal charges, as well as the factual allegations of numerous open files being investigated by the ODC. Therefore, the sole issue before us is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
Respondent has committed numerous violations of the professional rules which have caused actual harm to his clients. Considered in light of the aggravating circumstances, respondent’s actions conclusively demonstrate that he lacks the fitness to practice law in this'state. Based on our review of the record, we conclude disbarment is the appropriate sanction under the circumstances.
Accordingly, we will accept the petition for consent discipline and disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Cardell A. Thomas be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to his clients and to injured third parties. All costs and expenses in the matter are assessed against ^respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On January 5, 2000, this court ordered that respondent be placed on interim suspension pursuant to a joint motion filed by respondent and the ODC. In re: Thomas, 99-3547 (La.1/5/00), 752 So.2d 169.

. The formal charges allege violations of Rules 1.3 (failure to act with diligence and promptness in the representation of a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.8(a) (entering into a business transaction with a client), 1.15(a),(b),(c) (safekeeping property of clients or third persons), 1.16(d) (termination of the representation), 3.4(a) (obstructing access to evidence), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 4.1 (knowingly making a false statement of fact or law), 4.4 (respect for the rights of third parties), 8.1(b) (failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct and of Supreme Court Rule XIX, § 9(c) (failure to respond to a lawful demand for information from a disciplinary authority).

. The misconduct at issue in the open files includes respondent's failure to cooperate with the ODC in its investigation, improper payment of referral fees to various individuals, failure to keep clients reasonably informed about the status of cases, neglect of legal matters, failure to communicate, and failure to pay third-party providers.